KAREN P. HEWITT
United States Attorney
CAROL M. LEE
Assistant U.S. Attorney
California Bar No. 219246
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-6235
Facsimile: (619) 557-5004
Email: carol.lee@usdoj.gov

Attorneys for Defendant
United States Postal Service

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA SANDERS, | Case No. 08cv0716-L (POR) |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: June 16, 2008 |
| | TIME: 10:30 a.m. |
| Defendant. | COURTROOM: 14 (Judge Lorenz) |

**I.**

**INTRODUCTION**

Plaintiff appears pro se and claims that she mailed a package through the United States Postal Service ("USPS") that was never delivered and seeks $500 in damages. In her Complaint, Plaintiff claims that she "[p]aid for a deliver (sic) that was never mailed nor received by addressee nor Postal Services there but yet a print out in SD exist why." Complaint at page 2. Plaintiff claims that she mailed this package on December 7, 2007. She names the USPS as defendant. Plaintiff has not identified specific legal theories that she seeks to pursue. However, giving Plaintiff the most liberal reading of her claims, Plaintiff's Complaint must be dismissed for lack of subject matter and personal jurisdiction.

If Plaintiff's claims are deemed to be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, her claim must be dismissed on a variety of grounds. First, Plaintiff's claim is barred pursuant to 28 U.S.C. § 2680(b), the exception to the FTCA for claims arising out of the loss of postal matter. Plaintiff has also failed to exhaust her administrative remedies as required by 28 U.S.C. § 2675(a). Finally, the Court lacks subject matter jurisdiction over FTCA claims against federal agencies. Under the FTCA, the only proper party is the United States. Since, Plaintiff only names the USPS as defendant, Plaintiff's claims must be dismissed against USPS.

## II.

### PROCEDURAL BACKGROUND

Plaintiff's case was originally filed as Case No. 37-2008-00001091-SC-CTL in Small Claims Court in the County of San Diego on or about February 21, 2008. The USPS received notification of the existence of this action on or about March 27, 2008. On April 18, 2008, the case was removed to the United States District Court for the Southern District of California, because the civil action is against an agency of the United States. 28 U.S.C. § 1442. Thus far, neither the United States Attorney's Office nor the Attorney General has been served with the summons and complaint. See Exhibit A, Declaration of Mary Wiggins in Support of Motion to Dismiss Complaint, ¶¶ 4 and 5. Although the case was removed from state court, such removal does not obviate the need for service. 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m).[1]

---

[1] At the outset, the USPS asserts that this Court has no jurisdiction over the case, therefore, the USPS is not moving to
(continued...)

**III.**

**ARGUMENT**

**A.   PLAINTIFF'S FTCA CLAIMS AGAINST THE USPS MUST BE DISMISSED DUE TO THE COURT'S LACK OF SUBJECT MATTER JURISDICTION**

The United States, as sovereign, is immune from suit save as it consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Mitchell, 445 U.S. 535, 538 (1980); Quarty v. United States, 170 F.3d 961, 972 (9th Cir. 1999). The right to sue the United States can be acquired only by specific consent of Congress and the terms of such consent narrowly define a district court's jurisdiction to entertain suit on any given matter. FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Sherwood, 312 U.S. 584, 586-87 (1941).

**1.   PLAINTIFF'S CLAIM IS BARRED BY TITLE 28, UNITED STATES CODE, SECTION 2680(b), THE EXCEPTION TO THE FTCA FOR CLAIMS ARISING OUT OF THE LOSS OF POSTAL MATTER**

While Congress has waived sovereign immunity for the torts of its employees under certain circumstances outlined in the FTCA, that waiver of immunity extends only to damages or injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." See 28 U.S.C. § 1346(b)(1). Congress expressly limited this waiver of immunity through exceptions stated in 28 U.S.C. § 2680; if a claim falls within one of the exceptions of Section 2680, the district court lacks subject matter

---

[1]/(...continued)
dismiss for lack of proper service at this time. In any event, Plaintiff has 120 days from the date of removal to effect service. However, the USPS reserves the right to dismiss for lack of proper service if necessary at the appropriate time.

jurisdiction.  <u>Rojas v. United States</u>, 660 F. Supp. 652, 654 (D.P.R. 1987).

One of the express exceptions in Section 2680 applies to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  Here, Plaintiff's description of her claim – while not precise – clearly states that it arises out of the alleged loss, miscarriage, or negligent transmission of postal matter.  Because the United States has not waived sovereign immunity with respect to such claims, the complaint must be dismissed with prejudice for lack of subject matter jurisdiction.

### 2. THE FTCA DOES NOT AUTHORIZE CLAIMS AGAINST FEDERAL AGENCIES IN THEIR OWN NAMES

Similarly, it is "well established that federal agencies are not subject to suit <u>eo nomine</u> unless so authorized by Congress in 'explicit language.'"  <u>FDIC v. Craft</u>, 157 F.3d 697, 706 (9th Cir. 1998); <u>Kennedy v. U.S. Postal Service</u>, 145 F.3d 1077, 1078 (9th Cir. 1998); <u>Midwest Growers Co-op Corp. v. Kirkemo</u>, 533 F.2d 455, 465 (9th Cir. 1976).

Congress has not enacted legislation allowing tort actions under the FTCA against the USPS.  To the contrary, Congress in the FTCA provided that suit in tort for acts or omissions of federal employees can be brought only against the United States.  See <u>FDIC v. Craft</u>, 157 F.3d at 706.  The statute conferring jurisdiction for FTCA actions, 28 U.S.C. § 1346(b), permits district courts to hear claims sounding in tort against the United States, not its agencies.  This is underscored in 28 U.S.C. § 2679(a), which provides:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

It is well settled that, read together, these two statutes bar tort suits against federal agencies. <u>See</u>, <u>e.g.</u>, <u>Allen v. Veterans Administration</u>, 749 F.2d 1386, 1388 (9th Cir. 1984).

Here, to the extent Plaintiff's Complaint is construed to allege an FTCA claim against the USPS, such a claim may be maintained, if at all, only against the United States. Thus, this Court lacks subject matter jurisdiction and Plaintiff's Complaint must be dismissed. Fed. R. Civ. P. 12(b)(1).

**B.   THE FTCA CLAIMS AGAINST THE USPS MUST BE DISMISSED DUE TO PLAINTIFF'S FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES**

A jurisdictional prerequisite to suing the United States in tort is the filing of an administrative claim with the appropriate federal agency, as required by 28 U.S.C. § 2675(a). <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000); <u>Cadwalder v. United States</u>, 45 F.3d 297, 300 (9th Cir. 1995). Once an FTCA claim has been presented, the involved federal agency has six months to act. <u>See</u> 28 U.S.C. § 2675(a). The claimant can file suit under the FTCA only after the agency denies his claim in writing or, in the alternative, the agency fails to make a final disposition of the claim within six months after it is filed. 28 U.S.C. § 2675(a); <u>Lehman v. United States</u>, 154 F.3d 1010, 1013 (9th Cir. 1998). As set forth in 28 U.S.C. § 2675(a):

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government. . .unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

For purposes of calculating the six month period for agency

1  action, the date of claim presentation is deemed to be the day the
2  agency receives the administrative claim.  28 C.F.R. § 14.2(a) (a
3  formal claim is not filed for purposes of 28 U.S.C. § 2401(b) until
4  a federal agency receives written notification of an incident and a
5  claim from the claimant, an authorized agent or representative); see
6  also Bailey v. United States, 642 F.2d 344, 346 (9th Cir. 1981); Moya
7  v. United States, 35 F.3d 501, 504 (10th Cir. 1994).  Plaintiff has
8  the burden of establishing presentment.  Moya v. United States, 35
9  F.3d at 504.

10     A premature FTCA suit filed prior to the exhaustion of
11 administrative remedies must be dismissed.  See McNeil v. United
12 States, 508 U.S. at 110-13.  An FTCA action filed prematurely cannot
13 be cured by filing an amended complaint after exhaustion.  Duplan v.
14 Harper, 188 F.3d 1195, 1199 (10th Cir. 1999); Sparrow v. United States
15 Postal Service, 825 F.Supp. 252, 255-56 (E.D. Cal. 1993).  Instead,
16 plaintiff must file a new suit.  Sparrow v. United States Postal
17 Service, 825 F.Supp. at 255.

18     Here, the Complaint against the USPS must be dismissed because
19 Plaintiff has not filed an administrative claim.  See Exhibit B,
20 Declaration of USPS Tort Claim Examiner Gwendolyn E. Murray, ¶ 3.)
21 Fed. R. Civ. P. 12(b)(1).
22 //

## IV.

## CONCLUSION

For the foregoing reasons, the USPS requests the Court to dismiss the Complaint.

DATED: April 25, 2008          KAREN P. HEWITT
                                                      United States Attorney

                                                      /S/ Carol M. Lee
                                                      _____
                                                      E-mail:Carol.lee@usdoj.gov
                                                      CAROL M. LEE
                                                      Assistant U.S. Attorney
                                                      Attorneys for Defendant,
                                                      United States Postal Service