UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA SANDERS, ) | Civil No. 08cv716 L (POR) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING** |
| ) | **DEFENDANT'S MOTION TO** |
| v. ) | **DISMISS WITH PREJUDICE [doc.** |
| ) | **#3]; DIRECTING THE CLERK OF** |
| UNITED STATES POSTAL SERVICE, ) | **THE COURT TO CLOSE THIS** |
| ) | **CASE** |
| Defendant. ) | |
| ) | |

Defendant filed a motion to dismiss the above captioned case for lack of jurisdiction. The motion was set for June 16, 2008. On May 23, 2008, the Court advised plaintiff that notwithstanding her *pro se* status, she was required to comply with the Civil Local Rules. Plaintiff's attention was directed to Civil Local Rule 7.1(e.2): [E]ach party opposing a motion ... shall file that opposition ... with the clerk and serve the ... movant's attorney not later than 14 *calendar* days prior to the noticed hearing. CIV. L. R. 7.1(e.2)(emphasis in original). Plaintiff's opposition was due not later than June 2, 2008. Plaintiff was also advised that if she failed to file an opposition within the time limitation noted above, the Court could construe that failure as a consent to the granting of the motion. CIV. L.R. 7.1(f.3.c). To date, plaintiff has neither filed an opposition to the motion to dismiss nor has she sought additional time in which to file an opposition. Although permissible to summarily grant defendant's motion, the Court will review defendant's motion on the merits.

**Factual and Procedural Background**

Plaintiff, appearing *pro se*, asserts she mailed a package through the United States Postal Service ("USPS") that was not delivered. Plaintiff brought this action against the USPS in the Small Claims Court of California, County of San Diego, seeking damages in the amount of $500.00. Defendant removed the case to federal court and now seeks dismissal of the case for lack of subject matter jurisdiction.

**Discussion**

Although plaintiff does not specify a cause of action in her complaint, the Court construes the complaint as arising under the Federal Tort Claims Act ("FTCA")

Federal courts are courts of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). The United States, as a sovereign entity, is immune from suit unless it has consented to be sued by waiving its sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA provides the basis for jurisdiction against the United States for tort actions. *See* 28 U.S.C. § 2679. But the FTCA provides certain exceptions to the waiver of sovereign immunity. The terms of a waiver determine the scope of the court's jurisdiction to hear the case. *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941).

There is an express exception to the waiver of immunity in the present case. Under 28 U.S.C. § 2680, the United States has not waived immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters." 28 U.S.C. § 2680(b). As noted above, plaintiff alleges that the Postal Service failed to deliver a package she sent. ecause the United States has not waived its sovereign immunity with respect to plaintiff's claim, the Court lacks subject matter jurisdiction over the case.

In addition to the exception to the waiver of immunity discussed above, plaintiff has failed to show that she filed an administrative claim. It is well documented that under the FTCA, a plaintiff must first file an administrative claim as a jurisdictional prerequisite before bringing a claim against the United States. 28 U.S.C. §2675(a). *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). In relevant part, 28 U.S.C. §2675(a) provides that (emphasis added):

> An action shall not be instituted upon a claim against the United States for money

damages *for* injury or loss of personal property or *personal injury* or death *caused by the negligent or wrongful act or omission of any employee of the Government* while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency.

Plaintiff needed to file an administrative claim and exhaust her administrative remedies before seeking relief from this Court. Because she has not filed an administrative claim, this Court lacks subject matter jurisdiction and dismissal is warranted on this basis.

Plaintiff names only the USPS, which is a federal agency, as the only defendant. The USPS is not a proper party under the FTCA. The FTCA provides the United States is the sole party that may be sued for personal injuries arising out of the negligence of its employees. 28 U.S.C. §§ 1346(b), 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). Individual agencies of the United States may not be sued. *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir.1998); *Allen*, 749 F.2d at 1388.

Because plaintiff did not name the United States as the defendant, and the USPS as a federal agency may not be sued, plaintiff's complaint against the USPS must be dismissed.

For the reasons set forth above, defendant's motion to dismiss this action is **GRANTED WITH PREJUDICE**.[1]  The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: June 12, 2008

                                            M. James Lorenz
                                            United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1] As discussed above, the United States has not waived sovereign immunity over claims arising from "loss, miscarriage, or negligent transmission of letters or postal matters;" therefore, plaintiff cannot amend her complaint to state a claim.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28